IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MAURICE MARTIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 12-0460 CW (PR)<br><br>ORDER DISMISSING PETITION, DENYING CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>Docket no. 2 |

Petitioner, a state prisoner proceeding pro se, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to amend the abstract of judgment from his state court conviction. He seeks leave to proceed in forma pauperis.

BACKGROUND

According to the allegations in the petition, in 1990 Petitioner pled guilty to a charge of battery with serious bodily injury.

In 1998, he was found guilty of possession of a concealed weapon and possession of marijuana. The trial court found true allegations that he had suffered four prior serious felony convictions and three prior prison sentences and denied his motion to strike the prior convictions. He was sentenced to twenty-eight years to life in state prison.

The conviction and sentence were affirmed on direct appeal and Petitioner's state habeas petitions were denied. Thereafter, Petitioner challenged his 1998 conviction and sentence in a federal habeas corpus petition that was denied by the district

court on August 29, 2006. See Martin v. Hickman, C 02-2664 RMW (PR), Docket no. 44. On June 25, 2007, the Ninth Circuit declined to grant a certificate of appealability. Id., Docket no. 51.

In 2008, the prison's unit classification committee (UCC) relied upon Petitioner's 1990 conviction for battery with great bodily injury to find that he is a violent felon and assign him a higher classification score.

In the present petition, Petitioner argues that there was insufficient evidence for the trial court to find, at his sentencing proceedings in 1998, that his 1990 guilty plea to the charge of battery with serious bodily injury was for a violent felony. Consequently, he asks the Court to remand the matter to the superior court to make an express finding that the 1990 conviction was not for a violent felony, and to amend the abstract of judgment accordingly. Petitioner's state habeas corpus petitions on this issue were denied.

DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

//

B.   Petitioner's Claim

In his prior federal habeas petition, Petitioner challenged the validity of his 1998 conviction and sentence.  In so doing, he raised a claim contesting the trial court's designation of his 1990 conviction as a serious felony for three strikes purposes. See Martin v. Hickman, C 02-2664 RMW (PR), Docket no. 44.  The district court denied the petition on the merits.  Id.  In the present petition, Petitioner seeks a new sentencing determination and amendment of the abstract of judgment from his 1998 conviction to reflect that his 1990 conviction was not a violent felony.

Petitioner is precluded from proceeding with the present petition because it is a second or successive petition that attacks the same sentence he challenged in his prior federal habeas petition.  A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Petitioner here has not done so.

Accordingly, the instant petition is DISMISSED without prejudice to Petitioner's filing the petition in the United States Supreme Court, if that is his intent, or refiling the petition in this court if he obtains the necessary order from the Ninth Circuit.

C.   Certificate of Appealability

The Court finds that no certificate of appealability (COA) is warranted in this case.  "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two

3

components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484- 85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed above, Petitioner has not shown that jurists of reason would find it debatable whether the Court is correct in its procedural ruling that the present petition is a second or successive petition. Accordingly, a COA is DENIED.

D.  Leave to Proceed In Forma Pauperis

In light of Petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  The petition is DISMISSED without prejudice.
2.  A certificate of appealability is DENIED.
3.  The application to proceed in forma pauperis is GRANTED.

4

1    The Clerk of the Court shall enter judgment and close the
2 file.
3    This Order terminates Docket no. 2.
4    IT IS SO ORDERED.

Dated: 10/3/2012

CLAUDIA WILKEN
United States District Judge